**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4645**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ELIZALDE-SERRANO,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:17-cr-00057-CCE-2)

Submitted: March 29, 2018                                    Decided: April 2, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Elizalde-Serrano pled guilty to conspiracy to distribute cocaine, 21 U.S.C. §§ 841(b)(1)(C), 846 (2012), and the district court sentenced him to 156 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but addressing the validity of Elizalde's guilty plea and the reasonableness of his sentence. Elizalde filed a pro se supplemental brief asserting that his sentence was unreasonable and that he was denied the effective assistance of counsel. We affirm.

Because he did not move in the district court to withdraw his guilty plea, we review the validity of Elizalde's plea for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). We have reviewed the plea agreement and the Fed. R. Crim. P. 11 hearing, and we conclude that Elizalde's guilty plea was knowing and voluntary.

We review Elizalde's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We have determined that the district court appropriately computed the advisory Guidelines range, properly considered the 18 U.S.C. § 3553(a) (2012) sentencing factors and the arguments of the parties, and adequately explained the sentence imposed. *See United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). Our review of the record reveals that the 156-month within-Guidelines sentence is not unreasonable and not an abuse of discretion. *See United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range).

2

Turning to Elizalde's claims of ineffective assistance of trial counsel, we generally do not address such claims on direct appeal unless an attorney's ineffectiveness conclusively appears on the face of the record. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish that counsel provided ineffective assistance, these claims should be raised, if at all, in a § 2255 motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Elizalde's conviction and sentence. This court requires that counsel inform Elizalde, in writing, of his right to petition the Supreme Court of the United States for further review. If Elizalde requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Elizalde. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*